*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A13-2201**

State of Minnesota,
Respondent,

vs.

Ali Mehralian,
Appellant.

**Filed September 8, 2014**
**Affirmed**
**Kirk, Judge**

Dakota County District Court
File No. 19WS-CR-13-10734

Lori Swanson, Attorney General, St. Paul, Minnesota; and

William L. Bernard, Grannis & Hauge, P.A., Eagan, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, F. Richard Gallo, Jr., Assistant Public Defender, St. Paul, Minnesota (for appellant)


        Considered and decided by Stauber, Presiding Judge; Hudson, Judge; and Kirk, Judge.

**KIRK**, Judge

On appeal from his conviction of unlawful ouster, fifth-degree assault, and emergency escape and rescue, appellant argues that he was deprived of the effective assistance of his trial counsel.  We affirm.

## FACTS

On August 1, 2013, respondent State of Minnesota charged appellant Ali Mehralian with unlawful ouster, fifth-degree assault, theft by swindle, emergency escape and rescue, and disorderly conduct.  The charges stemmed from a confrontation between appellant and F.C., who claimed to be renting the basement of appellant's home in Eagan, on May 27, 2013.  F.C. alleged that appellant attempted to strike him in the face and locked him out of appellant's townhouse.

During the jury trial, F.C. testified that in February 2013 he entered into an agreement with appellant to rent out the basement of appellant's townhouse for $450 per month on a month-to-month basis, and he paid appellant the first and last month of rent.  Appellant denied that F.C. was living in the basement of his townhouse, gave him money for rent, or possessed a key to his home.  Instead, appellant testified that he allowed F.C. to park his car in the guest parking lot outside his townhouse and store some of his possessions in his basement.  The jury found appellant guilty of unlawful ouster, fifth-

2

degree assault, and emergency escape and rescue, but not guilty of theft by swindle.[1] This appeal follows.

## D E C I S I O N

Minnesota appellate courts examine ineffective-assistance-of-counsel claims under the two-prong approach set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *State v. Rhodes*, 657 N.W.2d 823, 842 (Minn. 2003). "To prevail on such a claim, an appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that a reasonable probability exists that the outcome would have been different but for counsel's errors." *Id.* (quotations omitted). The appellant has the burden of proof on an ineffective-assistance-of-counsel claim. *State v. Miller*, 666 N.W.2d 703, 716 (Minn. 2003). We need not examine both prongs of the *Strickland* test if one prong is determinative. *Rhodes*, 657 N.W.2d at 842.

An objective standard of reasonableness "is defined as representation by an attorney exercising the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *Opsahl v. State*, 677 N.W.2d 414, 420-21 (Minn. 2004) (quotation omitted). "There is a strong presumption that counsel's performance fell within a wide range of reasonable assistance." *Miller*, 666 N.W.2d at 716 (quotation omitted). Appellate courts generally will not review ineffective-assistance-of-counsel claims that are based on trial strategy. *State v. Vang*, 847 N.W.2d 248, 267 (Minn. 2014). Trial strategy "includes the extent of counsel's investigation and the selection of evidence presented to the jury." *Id.*

---

[1] The district court dismissed the disorderly conduct count during the trial.

Appellant argues that he was deprived of the effective assistance of trial counsel because his counsel did not try to acquire an alleged exculpatory document or elicit testimony about the document. He contends that a reasonably competent attorney would have attempted to obtain the evidence.

Here, the district court discussed the alleged document with the parties during the trial after a short recess where appellant's counsel spoke with appellant about his right to testify. Appellant's counsel reported to the district court that she attempted to discuss appellant's right to testify with him, but he refused to have that conversation. Instead, she reported that appellant insisted that she obtain the document. Appellant's counsel stated that she told appellant that she made a timely discovery request, and the state properly provided her with discovery. Appellant, however, remained "emphatic [and] persistent with respect to this document."

The district court asked appellant to describe the contents of the document he was requesting, and appellant explained that in a separate eviction case against F.C., the district court referred in its order to a document that contained "exculpatory statements individually made by [F.C.] admitting that he was leasing this place for storage only and he will be moving out by the end of April." Appellant argued that the prosecutor had not provided the document through discovery. Appellant provided the district court with a copy of the district court's order in the eviction case, and the district court reviewed the order. The district court stated on the record that the district court judge in the eviction case handwrote the following statement in the order: "[T]he [c]ourt has significant questions about the credibility of the parties in this case. The only, quote, proof, close

4

quote, the [c]ourt has was a written agreement by [F.C.] to vacate the property at the end of April. He did not."

Appellant's counsel explained to the district court that appellant asked her before the trial to go to the courthouse to obtain certain documents, and she did as he requested. She picked up several documents, including the district court order in question, but when she met with appellant, he refused to read the file or discuss the documents with her. Based on her training and the defense she was asserting, she determined that the document was not relevant to the case. The district court told appellant that the document was only relevant if he chose to testify, and the only way the information in the document could be admitted was through testimony.

We conclude that appellant has not demonstrated that his trial counsel's performance fell below an objective standard of reasonableness. Appellant's counsel timely requested discovery from the state and attempted to review that discovery with appellant. When appellant requested that his counsel obtain additional documents, she attempted to obtain all of the requested documents. The exact location and contents of the document that appellant sought are unclear from the record. Appellant's counsel's decision not to investigate the existence of the document any further or to introduce the district court's eviction order into evidence are matters of trial strategy, which we generally do not review. *See Vang*, 847 N.W.2d at 267.

Moreover, the jury heard evidence of appellant's version of the events, and its verdict indicates that it found F.C.'s version of events to be more credible. The district court also admitted the eviction complaint into evidence, which included several of

appellant's references to F.C. as a squatter.  F.C. testified extensively about the incident and his lease agreement with appellant, and his testimony was supported by the testimony of appellant's ex-wife and the police officer who responded to the May 27 incident, and the photographs of F.C.'s belongings in appellant's basement.  Appellant has not shown that if the document he sought had been admitted at trial it would have changed the outcome of the case. *See Rhodes*, 657 N.W.2d at 842.

Therefore, appellant has not established that he was deprived of the effective assistance of trial counsel.

**Affirmed.**